## In the District Court of Philadelphia.

### ROHRMAN *v.* STEESE.

If an owner interferes with a contractor, and subjects him to his command, the contractor is not liable for injuries to his work occasioned thereby.

**Rule for a New Trial.**

Opinion delivered March 21, 1874, by

BRIGGS, J. The defendant put an additional story on his house, and employed the plaintiff to put the tin on the roof. The plaintiff accordingly put the tin upon the roof at the defendant's direction before the brick walls had been run up. He did this upon a notice from the defendant that unless he proceeded with the work the next day the defendant would employ another person to tin the roof. After the roof was tinned, and before it was painted, the bricklayers ran up the wall, and in doing so dropped bricks upon the tin, cutting it in several places so badly that it leaked, and greatly damaged the interior of the house. After the brick work was finished the tinner painted the roof and delivered it to the defendant as completed, first soldering up the holes which had been cut by the bricks being dropped upon the tin. The plaintiff filed his lien for the tin and tin work, and issued a *scire facias* thereupon to recover therefor. At the trial the defendant's counsel took the position that the damage to the building from the leakage in consequence of the tin being cut should be deducted from the plaintiff's claim, and now, upon this rule for a new trial, he presses with great force, that the plaintiff, and not

the defendant, was liable for the mishaps to the roof until it was completed by being painted and delivered to the defendant.

This, as a general proposition, is undoubtedly correct, and would be unanswerable had this building been erected as buildings generally are, with the walls up before the roof is put on. Considering, however, that the tin was put on at this exceptional time, at the command of the defendant, under circumstances of extra hazard, from the accidents injuring the roof, we do not think that the plaintiff's duty should be measured by the rule contended for so earnestly by the defendant's counsel. The plaintiff's case is rather an exception to the rule, and hence should not be judged by it. The defendant's command gave the plaintiff no alternative but to proceed with the work at once or to abandon it. Surely the plaintiff should not be answerable for accidents to the roof, when the work was done not by the contractor at his own time and pleasure in the performance of his contract, but at the special command of the defendant.

We do not understand the rule to be that an owner is exonerated from liability even where there is a contract, when he interferes with the contractor, and subjects him to his command. In such case the contractor, instead of remaining master of the contract is subordinated to and becomes the servant of the owner; and this shifts the liability upon the owner, which otherwise would remain with the contractor.

Rule discharged.